**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

**RENEE WHITTY,**

       **Plaintiff,**

**v.**                                     **Case No.  3:13-cv-01176-UATC-TEM**

**COVIDIEN LP,**

       **Defendant.**

---

**CASE MANAGEMENT REPORT**

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1))**<br>[Court recommends 30 days after CMR meeting] | December 23, 2013 |
| **Certificate of Interested Persons and Corporate Disclosure Statement**<br>[all parties are directed to complete and file the attached] | October 3, 2013 |
| Motions to Add Parties or to Amend Pleadings | May 1, 2014 |
| **Disclosure of Expert Reports**<br>Plaintiff:<br>Defendant: | Plaintiff:  November 26, 2014<br>Defendant:  January 21, 2015 |
| **Discovery Deadline**<br>[Court recommends 5 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | March 25, 2015 |

| | |
|---|---|
| **Dispositive and <u>Daubert</u> Motions** <br> [Court requires 4 months or more before trial term begins] | April 22, 2015 |
| **Trial Term Begins** <br><br> [Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term <u>must</u> <u>not</u> be less than 4 months after dispositive motions deadline (unless filing of such motions is waived). Trials before the District Judge will generally be set on a rolling trial term toward the beginning of each month, with a Final Pretrial Conference to be set by the Court the preceding month. If the parties consent to trial before the Magistrate Judge, they will be set for a date certain after consultation with the parties] | September 2015 |
| **Estimated Length of Trial** [trial days] | 5-10 days |
| **Jury / Non-Jury** | Jury |
| **Mediation** <br><br> Deadline:  April 24, 2015 <br><br> Mediator:  TBD <br><br> Address: <br><br> Telephone: <br><br> [Mediation is <u>mandatory</u> in most Track Two cases; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline; if the parties do not so designate, the Court will designate the mediator and the deadline for mediation. A list of certified mediators is available on the Court's website and from the Clerk's Office.] | |
| **All Parties Consent to Proceed Before Magistrate Judge** <br> If yes, the parties shall complete and <u>all</u> counsel and/or unrepresented parties shall execute the attached Form AO-85. | Yes____     No_X_ |

I.    **Meeting of Parties**

Lead counsel shall meet in person or, upon agreement of all parties, by telephone.  (If all parties agree to conduct the case management conference by telephone, they may do so without filing a motion with the Court.) Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on <u>November 21, 2013  </u> (date) at <u>2:00 p.m. EST          </u>(time) and was attended by:

2

| Name | Counsel for (if applicable) |
|---|---|
| Gordon Fenderson, Esq. | Plaintiff |
| Scott Anderson, Esq. | Defendant |
| Jennifer Hill, Esq. | Defendant |
| Tiffany Killoren, Esq. | Defendant |

**II.     Preliminary Pretrial Conference**

Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are **mandatory in Track Three cases**.

**Track Two cases**: Parties (check one) [__] request [_X_] do not request a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case. Unresolved issues to be addressed at such a conference include:

**III.    Pre-Discovery Initial Disclosures of Core Information**

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

The parties (check one) [__] have exchanged [_X_] agree to exchange information described in Fed. R. Civ. P. 26(a)(1)(A) - (D) on or by December 23, 2014 .

**IV.     Agreed Discovery Plan for Plaintiffs and Defendants**

    **A.     Certificate of Interested Persons and Corporate Disclosure Statement**

This Court makes an active effort to screen every case in order to identify parties and interested corporations in which the assigned judge may be a shareholder, as well as for other matters that might require consideration of recusal. Therefore, each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee shall file and serve within **fourteen (14) days** from that party's first appearance a Certificate of Interested Persons and Corporate Disclosure Statement using the attached mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. All papers, including emergency motions, are subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. <u>Any party who has not already filed and served the required certificate is required to do so</u> **immediately**. Each party has a continuing obligation to file and serve an amended Certificate of Interested Persons and Corporate Disclosure Statement within eleven days of 1) discovering any ground for amendment, including notice of case reassignment to a different judicial officer; or 2) discovering any ground for recusal or disqualification of a judicial officer. A party should not routinely list an assigned district judge or magistrate judge as an "interested person" absent some non-judicial interest.

    **B.     Discovery Plan/Deadline**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. See Local Rule 3.03 (e). In propounding and responding to discovery, the parties are directed to consult and comply with the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Florida, and the Middle District of Florida's Discovery

Handbook. Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

<u>Due to the complex medical and scientific issues presented by this case, fact and expert discovery will be completed by April 15, 2015.</u>

### C.  Confidentiality Agreements/Motions to File Under Seal

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon motion and order entered under Local Rule 1.09.

The parties may reach their own agreement (without Court endorsement) regarding the designation of materials as "confidential." The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. See Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

<u>The parties agree that a protective order will be necessary to govern the discovery of confidential materials and information.  The parties anticipate submitting a stipulated protective order in due course for consideration by the Court.</u>

    **D.    Disclosure or Discovery of Electronically Stored Information and Assertion of Claims of Privilege**

Pursuant to Fed. R. Civ. P. 26(f)(3), the parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production:

<u>The parties agree to make good faith efforts to resolve any issues relating to the disclosure or discovery of electronically stored information and assertions of claims of privilege or protection. The parties do not anticipate that they will encounter any particular, non-standard issues with respect to these topics.</u>

**V.    Mediation**

Absent a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at www.flmd.uscourts.gov.  If the parties do not so designate, the Court will designate the mediator and the deadline for mediation.

**VI.    Requests for Special Handling**

Requests for special consideration or handling (requests may be joint or unilateral):

_____

_____

_____

6

Date: December 3, 2013

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.


s/Scott W. Anderson
Scott W. Anderson
Florida Bar No. 738311
SHOOK, HARDY & BACON L.L.P.
100 North Tampa Street, Suite 2900
Tampa, Florida 33602
Telephone: 813.202.7100
Facsimile: 813.221.8837
sanderson@shb.com


_____
Gordon L. Fenderson, Esq.
Florida Bar No. 759201
FENDERSON & HAMPTON, LLC
644 Cesery Blvd. #310
Jacksonville, Florida 32211
Telephone:  904.854.4222
Facsimile: 904.674.0070